W. W. Thayer and C. W. Ashford for respondent.

---

IN THE MATTER OF THE PETITION OF JEW YUEN MOW FOR A WRIT OF HABEAS CORPUS.

ARGUED DECEMBER 7, 8, 1910.      DECIDED DECEMBER 8, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE WHITNEY
IN PLACE OF HARTWELL, C.J.

HABEAS CORPUS—*expiration of commitment.*

>A commitment to a sheriff to detain M. "to await until the Governor of the State of California shall have the opportunity to issue a requisition to the Governor of the Territory of Hawaii and the Governor of the Territory of Hawaii order the delivery" of M. to the Governor of California, even though validly issued, does not justify the detention of M. after the issuance of the requisition and the order.

OPINION OF THE COURT BY PERRY, J.

In his return to the writ of habeas corpus issued in this case, the respondent, William P. Jarrett, sheriff of the City and County of Honolulu, justified under a warrant dated November 22, 1910, issued by a circuit judge of the first circuit commanding the arrest of the petitioner and the production of his body before said judge; and, as a part of an affidavit filed in opposition to a motion for a special direction concerning the custody of the person of the petitioner pending the determina-

tion of the appeal from an order in the habeas corpus case remanding the prisoner, showed that a commitment had been issued by the circuit judge under date of November 28, 1910, commanding the respondent "to deliver the said Jew Yuen Mow to the High Sheriff of the Territory of Hawaii, or his Deputy, or the Sheriff of the City and County of Honolulu, or his Deputy, who is hereby authorized to commit him, the said Jew Yuen Mow, to the Honolulu Jail to await until the Governor of the State of California shall have the opportunity to issue a requisition to the Governor of the Territory of Hawaii, and the Governor of the Territory of Hawaii order the delivery of the said Jew Yuen Mow to the Governor of the State of California on said charge, but if no such requisition is made for the said Jew Yuen Mow before the 20th day of December A. D. 1910, he, the said Jew Yuen Mow, to be then discharged from Jail."

Upon the appeal the parties argued the question of the validity of the warrant and of the commitment and thereunder the power of a circuit judge in this Territory to command the arrest and cause the detention of persons said to have committed a crime in one of the states of the union and to be fugitives from justice,—this in aid of extradition proceedings to be subsequently had under the provisions of the constitution and of the act of congress relating to the subject, but in view of the circumstances about to be stated we deem it unnecessary to determine these questions.

The respondent has formally suggested of record that the governor of the State of California, on a date not named but obviously prior to December 2, 1910, issued a requisition to the governor of the Territory of Hawaii for the delivery of the petitioner into the custody of an agent of the State of California; that on December 2, 1910, the governor of Hawaii signed an order addressed to the high sheriff of the Territory of Hawaii or his deputy, the sheriff, or his deputy, of the City and County of Honolulu, commanding the arrest of the peti-

tioner and the delivery of him into the custody of the agent of the State of California conformably to the request of the governor of California; that the order was delivered by the governor to the agent of the State of California for the purpose of being delivered to one of the officers to whom it is addressed for execution; that the agent of the State of California has withheld delivery of the order for execution solely because of the pendency of this appeal and in order to avoid the possibility of the commission of any act which might be deemed a contempt of this court; that the agent of the State of California was at the time of the hearing in this court in attendance upon it and prepared to deliver the order for service immediately upon its becoming appropriate for him to do so; and that the deputy sheriff of the city and county of Honolulu was likewise in attendance and prepared to receive and to execute the order.

The commitment has served its purpose. The events there named, that is to say, the opportunity to the governor of California to issue a requisition and the issuance of an order by the governor of Hawaii have both happened. The service of the order simply awaits the termination of these proceedings in order to avoid any possible question of contempt. Under these circumstances neither the warrant nor the commitment longer justifies the detention of the petitioner and that, too, assuming that both were validly issued.

For these reasons the petitioner was at the close of the oral argument ordered discharged.

*C. H. McBride* for petitioner.

*F. W. Milverton, Deputy City and County Attorney,* for respondent.